ORIGINAL

CC: FILED

PD

**MIKE YELLEN**
P.O. Box 10465
Hilo, HI. 96721
808-756-5586
yellensfree@yahoo.com

**In Pro Se**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 21 2023

at 11 o'clock and 45 min. A M
Lucy H. Carrillo, Clerk

LS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **MIKE YELLEN,** §<br>§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>**STATE OF HAWAII; GOVERNOR JOSH** §<br>**GREEN; MITCH ROTH; COUNTY OF** §<br>**HAWAII (BIG ISLAND); SERGEANT ROMAS;** §<br>**HAWAII POLICE DEPARTMENT; HAWAII** §<br>**DISTRICT COURT; JANE/JOHN DOES 1-20,** §<br>**ANNE E. LOPEZ, ATTORNEY GENERAL** §<br>**STATE OF HAWAII,** §<br>§<br>Defendants. § | **CV23 00390 LEK WRP**<br>Case No.<br><br>**PLAINTIFF'S CIVIL RIGHTS**<br>**COMPLAINT WITH JURY**<br>**DEMAND** |

## I.

### JURISDICTION

1. Jurisdiction is invoked pursuant to Title 28 U.S.C. Section(s) 1331; 1332(a)(2);

1343(a)(1)(2)(3)(4); 1355(a); 1367(a); 1391(a)(1); (b)(1); (c)(2); (e)(1); 1657(a); 1733(a); 2201 et

seq; 2202; 2403(a); Title 42 U.S.C. Section(s) 1981; 1983; 1985; 1986; 1987; 1988. Plaintiff further

Received By Mail
Date SEP 21 2023

fsc
Mailed On
Date SEP 21 2023

seeks pendent jurisdiction of the Court to adjudicate any and all State Law claims arising from this Federal cause of action.

2. This Court has jurisdiction since the contentions herein rest primarily on federal law, or to be interwoven with the federal law. Michigan v. Long, 463 U.S. 1032, 1040-1041, 103 S. Ct. 3469, 77 L.Ed. 2d 1201 (1983).

## II.

## PARTIES

3. Plaintiff, Mike Yellen is living in the County of Hilo and is a resident of State of Hawaii, who ancestry was born and lived in Hawaii.

4. Defendant State of Hawaii (hereinafter as Hawaii) has overall responsibility to ensure that all individuals living in the State of Hawaii rights are not violated; ensure that each resident of the State of Hawaii is treated equally and fairly, as such must obey all laws of the State of Hawaii and United States of America. Defendant is being sued in its official capacity.

5. Defendant Josh Green (hereinafter as Green) is the Governor of the State of Hawaii, as such are required to obey all state and federal laws. Defendant has overall responsibility of the State of Hawaii, ensuring that all state and federal laws are obeyed, specifically the Fourteenth Amendment to the United States Constitution, including but not limited to the equal protection clause. Defendant is being sued in his individual and official capacity.

6. Defendant, Mitch Roth (hereinafter as Roth) is the Mayor for Hawaii, the Big Island, as such is mandated to obey the United States Constitution and Hawaii Constitution providing everyone who lives on the Big Island with the protection of the Laws of the State of

Hawaii and both the United States and Hawaii Constitution.  Defendant is being sued in his individual and official capacity.

7. Defendant County of Hawaii (hereinafter as County) has overall responsibility to ensure that all individuals living in the County and State of Hawaii rights are not violated; ensure that each resident of the State of Hawaii is treated equally and fairly, as such must obey all laws of the State of Hawaii and United States of America.  Defendant is being sued in its official capacity.

8. Defendant, Hawaii Police Department (hereinafter as Police Dept.) is a department within the State of Hawaii, specifically the County and District of Hilo, as such must obey all laws of the State of Hawaii and United States of America, specifically not subject individuals to cruel and unusual punishment.   Defendant is being sued in its official capacity.

9. Defendant, Sergeant Romas (hereinafter as Romas) is a Sheriff in the State of Hawaii and currently assign to the Big Island of Hawaii, District of Hilo.   Defendant Romas is the officer who falsely arrested Plaintiff on September 16, 2023.  Defendant Romas is prohibited from making false arrest, as such must obey all laws of the State of Hawaii and United States of America. Defendant is being sued in his individual and official capacity.

10. Defendants, Jane/John Does 1-20 are Sheriffs in the State of Hawaii and currently assign to the Big Island of Hawaii, District of Hilo.   Defendants Jane/John Does 1-20 are officers who participated in the false arrest of Plaintiff on September 16, 2023.  Defendants Jane/John Does 1-20 are prohibited from making false arrest, as such must obey all laws of the State of Hawaii and United States of America.  Defendants Jane/John Does 1-20 are being sued in their individual and official capacity.  Defendant Jane/John Does 1-20 are unknown to Plaintiff at this time and will be added to the complaint once discovered.

11. Defendant, Hawaii District Court for the County of Hilo, (hereinafter as District Court) Puna Division, as such is mandated to obey the United States Constitution and Hawaii Constitution providing everyone who appears before it with the protection of the Laws of the State of Hawaii and both the United States and Hawaii Constitution. Defendant is being sued in its official capacity.

12. Defendant, Anne E. Lopez, (hereinafter as Lopez) Attorney General for the State of Hawaii, as such is mandated to obey the United States Constitution and Hawaii Constitution providing everyone who is being prosecuted with the protection of the Laws of the State of Hawaii and both the United States and Hawaii Constitution. Further shall not conspire with Defendants to violated Plaintiff's constitutional rights. Defendant is being sued in her individual and official capacity.

### III.

### FACTS

13. Plaintiff is filing this suit for declaratory and injunctive relief to declare that the acts, actions, and inactions by Defendants, their predecessor stated herein have violated the United States Constitutions and that such acts, actions, and inactions should be ruled as void and unconstitutional. Further, this civil rights complaint is seeking monetary compensation against certain Defendants.

### A. UNEQUAL TREATMENT AND SUBJECTED TO DANGEROUS DRIVING CONDITIONS

14. Defendants Hawaii, County, Green and Roth are subjecting Plaintiff and all resident in the State of Hawaii, Big Island to dangerous driving conditions and violating the Fourteenth Amendment to the United States Constitution and State of Hawaii Constitution, Article I, Section 2 and Section 8, based on the fact that in the County of Hawaii, Big Island within the State

of Hawaii street lights are not provided. In many areas of the Big Island of Hawaii there is no

lighting at all, leaving the streets very dark. On the other islands of the State of Hawaii, Oahu, Maui

and Kauai there are street lights throughout the island. Freeway, side street, residential areas,

parking lots, etc. in every area on those other islands there is lighting for those residents to drive and

travel safely. On the Big Island of Hawaii street lighting is scarce, if any at all. Subjecting Plaintiff

and all residents living on the Big Island of the State of Hawaii to unequal treatment and subjecting

them to life threating driving conditions.

15. The actions of not providing street lighting on the Big Island is based on the

contract and agreement that Defendants Hawaii, County, Green and Roth have with the University of

Hawaii telescope program that is on Mauna Kea. This is an illegal contract and agreement

subjecting Plaintiff and all resident on the Big Island of Hawaii to unequal treatment further

subjecting them to life threating driving conditions in direct violation of the United States

Constitution, specifically the Fourteenth Amendment and the State of Hawaii Constitution, Article I,

Section 2 and Section 8. Also in direct violation of Article I, Section 21 of the State of Hawaii

constitution which states:

> "LIMITATIONS OF SPECIAL PRIVILEGES
>
> Section 21. The power of the State to act in the general welfare shall never be
> impaired by the making of any irrevocable grant of special privileges or
> immunities. [Ren and am Const Con 1978 and election Nov 7, 1978]"

Here Defendants Hawaii, County, Green and Roth are granting special privileges to the University

of Hawaii and not placing necessary lighting throughout the Big Island of Hawaii.

**B. ILLEGAL VEHICLE  SAFETY INSPECTION LAW**

16. Pursuant to Hawaii Revised Statutes (HRS) 286-209 Plaintiff and all resident of

the State of Hawaii are illegally required to obey an unconstitutional law in obtain a vehicle safety

inspection in order to drive their vehicle in the State of Hawaii. Defendants Hawaii, County, and Green are enforcing this unconstitutional vague law. HRS Section 286-209 does not specify what construed an unsafe vehicle, nor does it state what is to be inspected on a vehicle. This unconstitutional vague law allows individuals and company to make their own determination as to what they want to hold as unsafe on a vehicle, in order to charge more to the individuals for car repairs. There is absolutely no uniformity in what determines a vehicle unsafe. Defendants Hawaii, County, and Green are conspiring with all individuals and companies that perform vehicle safety inspection to make Plaintiff and all residents in Hawaii fix items on a vehicle wherein such does not have anything to do with the safety of the vehicle being driven on the road.

17. HRS 286-209 is unconstitutionally vague and should not be enforced.

## C. CRUEL AND UNUSUAL PUNISHMENT

18. On September 16, 2023 after Plaintiff illegal being arrested falsely by Defendants Romas and Jane/John Does 1-20, he was taken to the Defendant Police Dept. and placed in their holding cell. Plaintiff stayed in Defendant's Police Dept. holding cell for one and a half days. Plaintiff went to court on September 18, 2023 and was released on OR.

19. During Plaintiff stay at Defendant Police Dept. holding cell, he was subjected to cruel and unusual punishment in that:

1. Denied a health meal. Plaintiff was only given one cup of soup for each of the 3 meals. Plaintiff was left to go hungry throughout the day. Furthermore, a cup of soup is not a health meal.

2. Plaintiff was forced to walk bare foot on a very cold floor. He was not allowed to have his foot wear in the cell. This forced Plaintiff to stay on the bed not being able to walk around the cell.

3. In the cell there are camera within the cell, subjecting Plaintiff to a violation of his privacy while using the toilet. Plaintiff was arrest, presumed to be innocent therefore, this unwanted invasion of his privacy violated his constitutional rights. This violates Hawaii Constitution, Article I, Section 6, holding that: "The right of the people to privacy is recognized and shall not be infringed without the showing of a compelling state interest. The legislature shall take affirmative steps to implement this right."

4. Plaintiff was not provided any soap to wash his hands after using the toilet and was force to eat his food with unclean hands.

5. While in the holding cell for the entire during of Plaintiff being there, there was a over head light that was left on all day and night. This caused Plaintiff to have difficulty sleeping.

All the above issues caused Plaintiff to be subjected to cruel and unusual punishment in direct violation of the Eighth Amendment to the United States Constitution and Hawaii Constitution, Article I, Section 12. Defendant Police Dept. and Roth are aware of such conditions to refuse to correct such unconstitutional conditions, knowingly subjecting Plaintiff to cruel and unusual punishment.

**D. <u>FALSE ARREST</u>**

20. On September 16, 2023 Plaintiff was falsely arrested. Defendants Romas and Jane/John Does 1-20 came to the resident that Plaintiff was staying at and informed his that they have an order by a judge stating that it was a writ of possession. Plaintiff informed Defendants Romas and Jane/John Does 1-20 that he currently has a lease agreement with the current resident Darrell Roberson, Exhibit "A", that the writ of possession does no have Mr. Roberson's name on it,

making his lease agreement valid and lawful. Furthermore, the court order had two individuals list on the order who no longer are listed on the title therefore, can no longer claim an interest in the property.

21. Even though Plaintiff indicated to Defendants Romas and Jane/John Does 1-20 that he has a valid lease agreement to stay on the property, Defendants Romas and Jane/John Does 1-20 still falsely arrested Plaintiff.

22. Plaintiff wrote a letter to Defendant Lopez and Green, yet they failed to ensure that Plaintiff was not falsely arrested, conspiring with Defendants Romas and Jane/John Does 1-20 to knowingly violate Plaintiff's constitutional rights.

23. Defendants Lopez, Green and Roth have failed to train individuals employed within the Sheriffs department within the State of Hawaii and County of the Big Island. Wherein they are trained in complying with the laws of the State of Hawaii and to know when not to arrest a person.

E. **DENIAL OF DUE PROCESS AND RIGHT TO PUT ON A DEFENSE**

24. Defendant District Court and Hawaii have a policy wherein Plaintiff when he is given a traffic citation is not permitted to conduct any discovery in direct violation of Plaintiff's connotational right to put on a defense.

25. Pursuant to the United States Constitution Plaintiff must be given the right to conduct discovery and be able to put on an adequate defense when faced with charges, which may lead to adverse actions against Plaintiff.

**GROUND ONE**

26. That Defendants, their predecessor and each of them are aware that the acts, actions, and inactions of subjecting Plaintiff and all residents living in the State of Hawaii,

specifically the Big Island was in direct violation of the United States Constitution and Hawaii

Constitution, wherein such actions are in direct violation of the Fourteenth Amendment to the United

States Constitution.  In that Defendants are not providing adequate street lighting.  Further subjects

Plaintiff and all residents living on the Big Island to health hazards, not unlimited to death.

27. That Defendants, their predecessor and each of them knew or should have known

that their acts, actions and inactions of not providing adequate street lighting was in direct violation

of the Fourteenth Amendment to the United States Constitution.

28. Plaintiff alleges and avers that Defendants and each of them subjected Plaintiff to

unconstitutional conditions.

## GROUND TWO

29. That Defendants, their predecessor and each of them are aware that the acts,

actions, and inactions of subjecting Plaintiff and all residents living in the State of Hawaii,

specifically the Big Island was in direct violation of the United States Constitution and Hawaii

Constitution.  In that Defendants are enforcing a law that is vague and subjects Plaintiff and all

residents living on the Big Island to indiscriminate treatment.  Wherein Defendant's vehicle safety

inspection law is unconstitutional.

30. That Defendants, their predecessor and each of them knew or should have known

that their acts, actions and inactions of enforcing the vehicle safety inspection law was in direct

violation of the Fourteenth Amendment to the United States Constitution.

31. Plaintiff alleges and avers that Defendants and each of them subjected Plaintiff to

unconstitutional conditions.

## GROUND THREE

32. That Defendants, their predecessor and each of them are aware that the acts, actions, and inactions of subjecting Plaintiff to cruel and unusual punishment, was in direct violation of the United States Constitution and Hawaii Constitution.

33. That Defendants, their predecessor and each of them knew or should have known that their acts, actions and inactions of subjecting Plaintiff to cruel and unusual punishment was in direct violation of the Eighth Amendment to the United States Constitution.

34. Plaintiff alleges and avers that Defendants and each of them subjected Plaintiff to unconstitutional conditions.

## GROUND FOUR

35. That Defendants and each of them are aware that the acts, actions, and inactions of subjecting Plaintiff to being arrested falsely was in direct violation of the United States Constitution and Hawaii Constitution. In that Defendants arrested Plaintiff knowing that he should not have been arrested and that he had a right to be on the property that he was living on. Further that Defendants failed to prevent Plaintiff from being arrested falsely.

36. That Defendants and each of them knew or should have known that their acts, actions and inactions of falsely arresting Plaintiff was in direct violation of the United States Constitution.

37. Plaintiff alleges and avers that Defendants and each of them subjected Plaintiff to unconstitutional conditions.

## GROUND FIVE

38. That Defendants, their predecessor and each of them are aware that the acts, actions, and inactions of subjecting Plaintiff and all residents living in the State of Hawaii to a

deliberate denial of Plaintiff's constitutional right to put on a defense when being charged with a

traffic citation was in direct violation of the United States Constitution and Hawaii Constitution.  In

that Defendants are enforcing a law that is in direct violation of the United States Constitution and

subjects Plaintiff and all residents living in the State of Hawaii to a denial of due process.

39. That Defendants, their predecessor and each of them knew or should have known

that their acts, actions and inactions of not permitting Plaintiff to conduct discovery and putting a

defense was in direct violation of the Fourteenth Amendment to the United States Constitution.

40. Plaintiff alleges and avers that Defendants and each of them subjected Plaintiff to

unconstitutional conditions.

## IV.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff is entitled to the required relief.

1) Injunctive and declaratory relief that mandates each Defendant, their

subordinates, and/or other employees to install street lighting throughout the Big

Island.  That every street, roadway, highway, residential area, commercial area,

business area, parks, have street lights installed and spaced approximately 30 to

50 meters apart, and spaced closer at junctions and bends.  That each light pole be

a height of approximately 14 feet, providing enough light in order to not have a

lot of glare, illuminating the way for pedestrians, cyclists and motor vehicles.

2) Injunctive and declaratory relief that declare the acts, actions, and inaction of

Defendants in enforcing a unconstitutional law in that residents living in Hawaii

are forced to obtain a vehicle safety inspection in order to operate their vehicle(s)

in the State of Hawaii is in direct violation of the United States Constitution, is vague and is void.

3) Injunctive and declaratory relief that declare the acts, actions, and inaction of Defendants in subjecting Plaintiff to cruel and unusual punishment, is in direct violation of the Eighth Amendment to the United States Constitution. Injunctive and declaratory relief that: a) Defendants be mandated to provide adequate food for all three meals, that provides a healthy and balance meal in the police department holding cells. b) Defendants be mandated to provide soap in the police department holding cells, so that individuals are able to wash their hands after using the toilet; c) Defendants be enjoined from taking individual's foot wear while in the police department holding cell; d) Defendants be mandated to remove all cameras within the police department holding cells; and e) Defendants be mandated to turn off the lights in the holding cell at the police department at 10 pm.

4) Injunctive and declaratory relief that declares the acts, actions, and inaction of Defendants arresting Plaintiff be deems illegal, subjecting Plaintiff to being falsely arrested is in direct violation of the United States Constitution. That Plaintiff had a constitutional right to be on the property based on his current lease agreement with Darrell Roberson.

5) Injunctive and declaratory relief that declares the acts, actions, and inaction of Defendants not permitting Plaintiff to conduct discovery and being able to put up an adequate defense, is in direct violation of the United States Constitution.

6) Compensatory damages in the amount of Five Million ($5,000.000) Dollars from Defendants Romas and Jane/John Does 1-20;

7) Punitive damages in the amount of Five Million ($5,000.000) Dollars from Defendants Romas and Jane/John Does 1-20;

8) For an award of damages or equitable relief in the amount to be proven at trial or other hearing of this matter;

9) Appointment of counsel, and attorney fees if applicable.

10) Any and all Court costs, as well as any other relief this Court may deem just and proper.

DATED; this 19th day of September, 2023.

Mike Yellen
In Pro Se