```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII
```

| | |
|---|---|
| MIKE YELLEN,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, GOVERNOR JOSH GREEN, MITCH ROTH,  COUNTY OF HAWAII, (BIG ISLAND), SERGEANT ROMAS,  HAWAII POLICE DEPARTMENT,  HAWAII DISTRICT COURT,  JANE/JOHN DOES 1-20, ANNE E. LOPEZ, ATTORNEY GENERAL, STATE OF HAWAII,<br><br>          Defendants. | CIV. NO. 23-00390 LEK-WRP |

**ORDER DENYING PLAINTIFF'S MOTION TO ADVANCE HEARING DATE ON PLAINTIFF'S MOTION FOR EXPEDITED MOTION FOR INJUNCTIVE RELIEF AND/OR PERMANENT INJUNCTION AND PLAINTIFF'S MOTION TO PROCEED AS PRIVATE ATTORNEY GENERAL**

Pro se Plaintiff Mike Yellen ("Plaintiff") filed his Civil Rights Complaint with Jury Demand ("Complaint") on September 21, 2023.  [Dkt. no. 1.]  On October 16, 2023, Defendants Mitch Roth, County of Hawai`i, and the Hawai`i Police Department (collectively "County Defendants") filed a motion to dismiss the Complaint ("County Defendants' Motion").  [Dkt. no. 19.]  On October 18, 2023, Plaintiff filed an Expedited Motion for Injunctive Relief and/or Permanent Injunction ("Injunction Motion").  [Dkt. no. 22.]  In light of the County Defendants' Motion and the fact that Plaintiff had yet to

complete service upon some of the defendants, the Injunction Motion was set for hearing on April 26, 2024.  See Minute Order - EO: Court Order Regarding Plaintiff's Expedited Motion for Injunctive Relief and/or Permanent Injunction, filed 10/26/23 (dkt. no. 23) ("10/26 EO").

On November 27, 2023, Plaintiff filed a motion to advance the hearing on the Injunction Motion ("Motion to Advance Hearing") and a Motion to Proceed as Private Attorney General ("Representation Motion").  [Dkt. no. 30, 31.]  The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Further, the Court finds that it is not necessary for the defendants to respond to Plaintiff's motions.  Plaintiff's Motion to Advance Hearing and Representation Motion are denied for the reasons set forth below.

## DISCUSSION

### I. Motion to Advance Hearing

Plaintiff argues the hearing on his Injunction Motion should be advanced because all of the defendants have now been served and the Injunction Motion presents important issues. [Motion to Advance Hearing at 1-2; Motion to Advance Hearing, Exh. A (Waiver of the Service of Summons, signed by a Deputy Attorney General).]  However, the 10/26 EO instructed Plaintiff

2

that he could file a motion seeking to advance the hearing on the Injunction Motion after **both**: 1) all defendants were served; **and** 2) the County Defendants' Motion was resolved.  [10/26 EO at PageID.120.]  Because the County Defendants' Motion is still pending, Plaintiff's Motion to Advance Hearing is premature.

In addition, on November 22, 2023, Defendants State of Hawai`i; Hawai`i District Court; Governor Josh Green; Anne E. Lopez, Attorney General, State of Hawai`i; and Sergeant Maui Ramos, in his Official Capacity (collectively "State Defendants") filed their motion to dismiss the Complaint ("State Defendants' Motion").  [Dkt. no. 28.]  Both the County Defendants and the State Defendants argue the Complaint should be dismissed with prejudice.  <u>See</u> County Defendants' Motion at 2; State Defendants' Motion, Mem. in Supp. at 17.  In other words, if the motions are granted, the Complaint would be dismissed, without the filing of an amended complaint, and the case would be closed.  Because Plaintiff would be unable to obtain injunctive relief if that occurs, this Court will not consider Plaintiff's Injunction Motion until both the County Defendants' Motion and the State Defendants' Motion are resolved.  Plaintiff's Motion to Advance Hearing is therefore denied.

**II. Representation Motion**

Plaintiff argues some of the issues presented in this case will affect the entire State of Hawai`i and other issues will affect the entire County of Hawai`i. [Representative Motion at 1.] He therefore argues that this Court should permit him to litigate this case as a Private Attorney General on behalf of all the persons who will be affected. [Id. at 2.]

Although Plaintiff "may plead and conduct [his] own case[] personally," see 28 U.S.C. § 1654, Plaintiff's right to proceed pro se "is personal to him," see C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citation omitted). A plaintiff who is not an attorney licensed to practice in this district court "has no authority to appear as an attorney for others than himself." See id. (citations omitted); see also Local Rule LR81.1(a) ("Those proceeding without an attorney, i.e., 'pro se' or 'in propria persona,' must appear personally on behalf of themselves only and may not delegate that duty to another who is not authorized to practice in this court.").

There is no indication that Plaintiff is an attorney who is licensed to practice in this district court. He therefore cannot litigate claims on behalf of any other person, and his Representative Motion must be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Advance Hearing Date on Plaintiff's Motion for Expediated Motion for Injunctive Relief and/or Permanent Injunction and Plaintiff's Motion to Proceed as Private Attorney General, both filed November 27, 2023, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MIKE YELLEN VS. STATE OF HAWAII, ET AL; CV 23-00390 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION TO ADVANCE HEARING DATE ON PLAINTIFF'S MOTION FOR EXPEDITED MOTION FOR INJUNCTIVE RELIEF AND/OR PERMANENT INJUNCTION AND PLAINTIFF'S MOTION TO PROCEED AS PRIVATE ATTORNEY GENERAL**