UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MIKE YELLEN,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAII, GOVERNOR JOSH GREEN, MITCH ROTH,  COUNTY OF HAWAII, (BIG ISLAND), SERGEANT ROMAS,  HAWAII POLICE DEPARTMENT,  HAWAII DISTRICT COURT,  JANE/JOHN DOES 1-20, ANNE E. LOPEZ, ATTORNEY GENERAL, STATE OF HAWAII,<br><br>        Defendants. | CIV. NO. 23-00390 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
THE COUNTY DEFENDANTS' AND
THE STATE DEFENDANTS' MOTIONS TO DISMISS**

On October 16, 2023, Defendants Mitch Roth, Mayor of the County of Hawai`i ("Mayor Roth"); County of Hawai`i ("the County"); and the Hawai`i Police Department ("HPD" and collectively "County Defendants") filed their Motion to Dismiss *Plaintiff's Civil Rights Complaint with Jury Demand* Filed September 21, 2023, ECF 1 ("County Defendants' Motion"). [Dkt. no. 19.] On November 22, 2023, Defendants State of Hawai`i ("the State"); Hawai`i District Court; Josh Green, Governor, State of Hawai`i ("Governor Green"); Anne E. Lopez, Attorney General,

State of Hawai`i ("AG Lopez"); and Sergeant Maui Ramos,[1] in his official capacity (collectively "State Defendants") filed their Motion to Dismiss Plaintiff's Civil Rights Complaint with Jury Demand Filed September 21, 2023, and the State Defendants' filed an errata to their Motion on November 24, 2023. [Dkt. nos. 28, 29.] The motion, as corrected by the errata, will be referred to as the "State Defendants' Motion."

Pro se Plaintiff Mike Yellen ("Plaintiff") filed his memorandum in opposition to the County Defendants' Motion on November 1, 2023 ("Opposition to County Defendants' Motion"), and he filed a supplement to his opposition on November 9, 2023 ("Supplemental Opposition to County Defendants' Motion"). [Dkt. nos. 25, 26.] The County Defendants filed their reply on November 13, 2023. [Dkt. no. 27.] Plaintiff filed his memorandum in opposition to the State Defendants' Motion on February 5, 2024 ("State Defendants' Motion Opposition"), and the State Defendants filed their reply on February 16, 2024. [Dkt. nos. 41, 43.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The County Defendants'

_____

[1] Defendant Sergeant Maui Ramos is incorrectly identified as "Sergeant Romas," a State of Hawai`i sheriff, in Plaintiff's Complaint. See, e.g., Civil Rights Complaint with Jury Demand ("Complaint"), filed 9/21/23 (dkt. no. 1), at ¶ 9.

Motion and the State Defendants' Motion (collectively "Motions") are hereby granted in part and denied in part for the reasons set forth below. The Motions are granted insofar as Plaintiff's Complaint is dismissed in its entirety and insofar as some portions of the Complaint are dismissed with prejudice. The Motions are denied insofar as the dismissal of the remaining portions of the Complaint are dismissed without prejudice.

## BACKGROUND

Plaintiff lives in Hilo in the County of Hawai`i. [Complaint at ¶ 3.] The Complaint alleges claims based on several incidents, most of which appear to be unrelated.

Plaintiff first alleges that there are less streetlights in place in the County of Hawai`i than there are in other counties within the State of Hawai`i. He argues the dark streets create more dangerous driving and traveling conditions in the County of Hawai`i. According to Plaintiff, the State, the County, Governor Green, and Mayor Roth are responsible for this condition. Plaintiff alleges the lack of sufficient street lighting violates Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 8 of the Hawai`i State Constitution. [Id. at ¶ 14.] Plaintiff contends that a contract with the University of Hawai`i to facilitate its telescope program on Maunakea is the reason for the lack of sufficient street lighting in the County

3

of Hawai`i. [Id. at ¶ 15.] The allegedly unconstitutional denial of adequate street lighting is the basis of Plaintiff's first claim, which he appears to assert against the County Defendants and the State Defendants (all collectively "Defendants" and "Count I"). [Id. at ¶¶ 26-28.]

Plaintiff also challenges the constitutionality of the requirement in Hawai`i Revised Statutes Section 286-209 that a resident have a current vehicle safety inspection in order to operate a vehicles. Plaintiff contends the statute is unconstitutionally vague because it does not define what is considered an unsafe vehicle, nor does it identify the components of the vehicle inspection. Plaintiff alleges that, because of the lack of standards in the statute, the individuals and organizations performing the inspections are the ones that determine what is considered unsafe, and there is no uniformity. [Id. at ¶ 16.] Plaintiff alleges the State, the County, and Governor Green are conspiring with the individuals and organizations performing the inspections "to make Plaintiff and all residents in Hawaii fix items on a vehicle wherein such does not have anything to do with the safety of the vehicle being driven on the road." [Id.] Plaintiff alleges Section 286-209 is unenforceable because it is unconstitutionally vague. [Id. at ¶ 17.] Plaintiff's challenge to the vehicle safety inspection

4

law is the basis of his second claim against Defendants
("Count II"). [Id. at ¶¶ 29-31.]

Plaintiff also alleges he was falsely arrested on
September 16, 2023 by Ramos at Plaintiff's home. [Id. at ¶¶ 18,
20.] Ramos was attempting to serve a writ of possession for the
property. Ramos arrested Plaintiff, even though Plaintiff
protested that he had a valid lease and was permitted to stay on
the property. [Id. at ¶¶ 20-21.] Although it is unclear when
Plaintiff did so, Plaintiff wrote a letter to Governor Green and
AG Lopez, but, according to Plaintiff, "they failed to ensure
that Plaintiff was not falsely arrested" and conspired with
Ramos to violate Plaintiff's rights. [Id. at ¶ 22.] Plaintiff
alleges Governor Green, Mayor Roth, and AG Lopez failed to
properly train employees of the State of Hawai`i Sheriff's
Department in the County of Hawai`i regarding the decision to
arrest a person. [Id. at ¶ 23.] The alleged false arrest is the
basis of Plaintiff's fourth claim against Defendants
("Count IV"). [Id. at ¶¶ 35-37.]

Plaintiff states that, after his arrest by Ramos, he
was detained in one of Defendant Hawai`i Police Department's
("HPD") holding cells from September 16, 2023 to September 18,
2023. [Id. at ¶ 18.] Plaintiffs alleges he was subjected to
cruel and unusual punishment, in violation of the Eighth
Amendment of the United States Constitution and article I,

5

section 12 of the Hawai`i State Constitution, during his detention because: he was not provided with healthy meals; he was forced to walk barefoot on the cold cell floor; the camera in the cell violated his right to privacy; he was not provided with soap to wash his hands; and the fact that overhead light was left on all night caused him to have difficulty sleeping. Plaintiff alleges HPD and Mayor Roth subjected him to cruel and unusual punishment because they were aware of the unconstitutional conditions and refused to correct them. [Id. at ¶ 19.] The alleged cruel and unusual punishment is the basis of Plaintiff's third claim against Defendants ("Count III"). [Id. at ¶¶ 32-34.]

        Finally, Plaintiff alleges that, with regard to an unspecified traffic citation, his right to due process has been violated because he has not been permitted to conduct discovery. He alleges this prevents him from presenting an adequate defense and may result in adverse actions against him. According to Plaintiff, the State and the Hawai`i District Court[2] have a policy precluding discovery in traffic citation cases. [Id. at ¶¶ 24-25.] The traffic citation allegations are the basis of

---

        [2] Plaintiff describes Defendant Hawai`i District Court as the "Hawaii District Court for the County of Hilo, . . . Puna Division." [Complaint at ¶ 11.]

Plaintiff's fifth claim against Defendants ("Count V"). [Id. at ¶¶ 38-40.]

Plaintiff prays for the following relief: injunctive and declaratory relief as to each of the counts in the Complaint; an award of compensatory and punitive damages against Ramos; other damages or equitable relief against unspecified defendants; the appointment of counsel; an award of attorney's fees; and any other appropriate relief. [Id. at PageID.11-13.]

The County Defendants seek dismissal of the Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The County Defendants argue: Plaintiff lacks standing to pursue his claims against them arising from the lack of street lighting, the vehicle safety inspection law, and the lack of discovery in traffic cases; this Court should abstain from considering Plaintiff's claims regarding his September 2023 arrest and pretrial detention because of the ongoing state criminal prosecution against him; and Plaintiff fails to state a plausible claim for violation of his right to be free from cruel and unusual punishment. The County Defendants argue the dismissal should be with prejudice because amendment would be futile. [County Defendants' Motion at 2.]

The State Defendants seek dismissal of the claims against them pursuant to Rule 12(b)(1) and (6) and Federal Rule of Civil Procedure 8. [State Defendants' Motion at 3.] The State

Defendants argue only Counts I, II, IV, and V are alleged against them. [Id., Mem. in Supp. at 4-5.] The State Defendants argue Plaintiff fails to state plausible claims against them. [Id. at 6-11.] Further, they allege Plaintiff does not have standing to pursue Counts I, II, and IV. [Id. at 12.] The State Defendants also argue that, even if Plaintiff has standing and states plausible claims, his claims against them are barred by the Eleventh Amendment. [Id. at 13-15.] Finally, they argue Plaintiff's Complaint violates Rule 8 of the Federal Rules of Civil Procedure. [Id. at 15-16.] The State Defendants argue Plaintiff's claims against them should be dismissed with prejudice because amendment would be futile. [Id. at 16-17.]

**DISCUSSION**

I.   **Preliminary Issues**

    A.   **Plaintiff's Opposition to State Defendants' Motion**

       Plaintiff's opposition to the State Defendants' Motion was originally due by December 12, 2023. See Minute Order - EO: Court Order Regarding Plaintiff's Expedited Motion for Injunctive Relief and/or Permanent Injunction, filed 11/28/23 (dkt. no. 32). On December 11, 2023, Plaintiff filed a motion seeking an extension of his deadline, and this Court granted the motion in a December 13, 2023 entering order. [Dkt. nos. 35, 36.] On January 16, 2024, Plaintiff filed a second motion seeking an extension of his deadline, and this Court granted the

motion in part in a January 24, 2024 entering order ("1/24 EO"). [Dkt. nos. 38, 40.] This Court extended Plaintiff's deadline to February 2, 2024, cautioned him that no further extensions would be granted, and stated that, if he failed to file his opposition by the deadline, this Court would consider the State Defendants' Motion to be unopposed. [1/24 EO at PageID.253.]

Plaintiff filed his Opposition to State Defendants' Motion on February 5, 2024, three days after the deadline. This Court does not condone Plaintiff's failure to comply with the deadline set forth in the 1/24 EO, and this Court could strike Plaintiff's opposition as untimely. However, in light of the fact that Plaintiff is proceeding pro se, and because Plaintiff's late filing did not prevent the State Defendants from filing their reply in support of the State Defendants' Motion in a timely manner, this Court will consider Plaintiff's late Opposition to State Defendants' Motion.

Plaintiff is CAUTIONED that, if he fails to comply with future deadlines, sanctions may be imposed, including, but not limited to, the striking of late filings.

B.   **Construction of Plaintiff's Claims**

All of Plaintiffs' claims allege constitutional violations. See Complaint at ¶¶ 26-40. Although Plaintiff does not refer to Title 42 United States Code Section 1983 in his counts, he invokes jurisdiction pursuant to Section 1983, among

9

other statutes. See id. at ¶ 1. This Court therefore liberally construes Plaintiff's Complaint as bringing claims pursuant to Section 1983 to assert violations of his rights under the United States Constitution. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Opp. to State Defendants' Motion at 4 (discussing Section 1983).

Although Plaintiff cites the Hawai`i State Constitution, this Court does not construe the Complaint as alleging any claims based on the Hawai`i State Constitution. First, Section 1983 does not permit claims based solely upon a violation of a plaintiff's rights under state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [the plaintiff] to demonstrate a violation of federal law, not state law.").

## II.  **Eleventh Amendment Immunity**

This Court turns first to the State Defendants' Eleventh Amendment immunity argument. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation omitted); see also U.S. Const., amend. XI. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Sato v. Orange Cnty. Dep't of

10

Educ., 861 F.3d 923, 928 (9th Cir. 2017) (citation and quotation marks omitted); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (citations and internal quotation marks omitted)). As such, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." Monet v. Hawai`i, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *4 (D. Hawai`i June 14, 2011) (some citations omitted) (citing Sossamon v. Tex., 131 S. Ct. 1651, 1658 (2011)). "A state generally waives its immunity when it voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." In re Bliemeister, 296 F.3d 858, 861 (9th Cir. 2002) (alterations in Bliemeister) (citation and internal quotation marks omitted).

        The State has not waived its sovereign immunity from Section 1983 claims generally, and Congress did not abrogate state sovereign immunity when it enacted Section 1983. See, e.g., Sheikh v. Hawai`i Dep't of Hum. Servs., Civil No. 12-00701 DKW-BMK, 2014 WL 1322496, at *2 (D. Hawai`i Mar. 31, 2014) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66

(1989)). However, an "[e]xpress waiver is not required; a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." Bliemeister, 296 F.3d at 861 (brackets, citation, and internal quotation marks omitted). For example, a state voluntarily invokes federal jurisdiction and waives its Eleventh Amendment immunity by removing to federal court a case that the plaintiff filed in state court. See, e.g., DW Aina Le`a Dev., LLC v. Hawai`i, Land Use Comm'n, CIVIL NO. 17-00113 SOM-RLP, 2017 WL 2563226, at *5 (D. Hawai`i June 13, 2017) (citing Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 624 (2002)), rev'd and remanded on other grounds, 834 F. App'x 355 (9th Cir. 2021). In the instant case, however, the State; the Hawai`i District Court; and Governor Green, AG Lopez, and Ramos, in their official capacities, have neither voluntarily invoked federal jurisdiction over Plaintiff's case, expressed an intent to submit themselves to federal jurisdiction, nor engaged in any conduct that is inconsistent with their intent to preserve their Eleventh Amendment immunity. To the extent that Plaintiff seeks damages for his Section 1983 claims against the State; the Hawai`i District Court; and Governor Green, AG Lopez, and Ramos, in their official capacities, their Eleventh Amendment immunity from such claims remains in effect. In addition, the State and

the Hawai`i District Court also have Eleventh Amendment immunity
from Plaintiff's claims for injunctive relief.

      As to Plaintiff's requests for declaratory relief
against the State and the Hawai`i District Court, this district
court has stated,

> courts have repeatedly indicated that the
> Declaratory Judgment Act may not be used as an
> end run around claims that would otherwise not be
> available. See Alaska Dep't of Nat. Res. v.
> United States, 816 F.3d 580, 586 (9th Cir. 2016)
> ("A claim under the Declaratory Judgment Act may
> not be used as an end run around the [statute's]
> limited waiver of sovereign immunity."); see also
> C&E Servs., Inc. of Wash. v. D.C. Water & Sewer
> Auth., 310 F.3d 197, 201 (D.C. Cir. 2002) ("A
> judicial declaration telling [appellee] how to
> interpret the [statute] would constitute an end-
> run around Congress's clear intent that the
> Department of Labor interpret and enforce the
> [statute] in the first instance. Schilling [v.
> Rogers, 363 U.S. 666 (1960)] teaches that the
> Declaratory Judgment Act does not authorize such
> a result."). The result Plaintiff seeks here
> would essentially create a new substantive right
> to enforce statutory violations whenever they
> cause harm, regardless of whether the legislature
> intended to do so in enacting the statute. This
> result is contrary to the Ninth Circuit's
> explicit statement that the Declaratory Judgment
> Act "does not create new substantive rights," see
> Shell Gulf [of Mexico Inc. v. Ctr. for Biological
> Diversity, Inc.], 771 F.3d [632,] 635 [(9th Cir.
> 2014)], and must therefore be rejected.

Iolani Islander, LLC v. Stewart Title Guar. Co., Civ. No. 16-
00429 ACK-RLP, 2017 WL 11139924, at *8 (D. Hawai`i Nov. 7, 2017)
(some alterations in Iolani Islander). In the instant case,
Plaintiff seeks declaratory relief related to each of his

claims. See Complaint at PageID.11-12. Granting relief in such a claim would improperly create a new substantive right to enforce the United States Constitution against the State and state agencies, which have Eleventh Amendment immunity. The State and the Hawai`i District Court have Eleventh Amendment immunity from Plaintiff's claims for declaratory relief.

All of Plaintiff's claims against the State and the Hawai`i District Court and Plaintiff's claims for damages against Governor Green, AG Lopez, and Ramos, in their official capacities, fail to state plausible claims for relief and must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)). Further, because it is absolutely clear that Plaintiff cannot cure the defect in his Section 1983 claims against these defendants, the dismissal must be with prejudice, i.e., without leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

14

The State Defendants' Motion is granted insofar as Plaintiff's claims against the State and the Hawai`i District Court are dismissed with prejudice and insofar as Plaintiff's claims for damages against Governor Green, AG Lopez, and Ramos, in their official capacities, are dismissed with prejudice.

However, the Eleventh Amendment does not preclude Plaintiff's claims for damages against Governor Green, AG Lopez, and Ramos, in their individual capacities.[3] See Hafer v. Melo, 502 U.S. 21, 30-31 (1991). Further, it does not preclude Plaintiff's claims for prospective injunctive against Governor Green, AG Lopez, and Ramos, in their official capacities. See Doe v. Regents of the Univ. of Cal., 891 F.3d 1147, 1153 (9th Cir. 2018).

## II.   *Younger* Abstention

This Court next turns to the County Defendants' Younger abstention argument. This district court has stated,

> a federal court is prohibited from enjoining a
> state criminal proceeding without a valid showing
> of "extraordinary circumstances" warranting
> federal intervention. Younger v. Harris, 401 U.S.
> 37, 43-54 (1971). Under Younger, federal courts
> may not stay or enjoin pending state criminal
> court proceedings, nor grant monetary damages for
> constitutional violations arising from them. See

---

[3] As of the filing of the State Defendants' Motion, the Department of the Attorney General did not represent Ramos, in his individual capacity. See State Defendants' Motion, Mem. in Supp. at 2. Thus, the State Defendants' Motion is not brought on behalf of Ramos, in his individual capacity.

> Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).
>
> Younger abstention is appropriate when state court proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise the constitutional claims. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982);[4] Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). When Younger is satisfied, a federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. See Baffert, 332 F.3d at 617.

McCoy v. Sequeira, CIV. NO. 20-00384 DKW-RT, 2020 WL 5604031, at

*3 (D. Hawai`i Sept. 18, 2020) (some citations omitted).

In their Younger abstention argument, the County

Defendants ask this Court to take judicial notice of the

criminal proceeding against Plaintiff, State v. Michael Yellen,

3DCW-23-0002507, filed in the State of Hawai`i District Court of

the Third Circuit, Puna Division ("State v. Yellen"). See County

Defendants' Motion, Mem. in Supp. at 6 n.1; see also id.,

---

[4] Younger and subsequent cases applying the Younger analysis, such as Middlesex County Ethics Commission, have been limited to "three exceptional categories" of cases: "ongoing state criminal prosecutions"; "certain civil enforcement proceedings"; and "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (alteration, citations, and internal quotation marks omitted). Because Plaintiff's state court case falls with the first category, the traditional Younger analysis applies.

Declaration of Lerisa L. Heroldt, Exh. B (docket sheet for <u>State v. Yellen</u>).

> Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).[5] When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56 [of the Federal Rules of Civil Procedure]. Fed. R. Civ. P. 12(d). Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." <u>Id.</u>

<u>Khoja v. Orexigen Therapeutics, Inc.</u>, 899 F.3d 988, 998 (9th Cir. 2018). Judicial notice under Rule 201 of the Federal Rules of Evidence is one of the exceptions to this general rule. <u>Id.</u>

> Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2).

> Accordingly, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." <u>Lee</u>, 250 F.3d at 689 (quotation marks and citation omitted). But a

---

[5] <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125–26 (9th Cir. 2002), overruled <u>Lee</u> on grounds not relevant to the issues presented in the instant Motion. <u>See, e.g.,</u> <u>Cortez v. Klique Car Club, Inc.</u>, Case No. 2:23-cv-07210-MEMF-MAA, 2024 WL 988374, at *1 (C.D. Cal. Mar. 6, 2024). <u>Galbraith</u> was abrogated on other grounds by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). <u>See, e.g.,</u> <u>Higa v. Kobayashi</u>, CIV. NO. 19-00664 LEK-WRP, 2020 WL 2027290, at *4 (D. Hawai`i Apr. 27, 2020).

court cannot take judicial notice of disputed
facts contained in such public records. Id.

Id. at 999 (some alterations in Khoja). Public records that a
district court can take judicial notice of include "documents
filed with courts, 'both within and without the federal judicial
system, if those proceedings have a direct relation to the
matters at issue.'" Bartolotti v. Maui Mem'l Med. Ctr., Civil
No. 14-00549 SOM/KSC, 2015 WL 4545818, at *3 (D. Hawai`i
July 28, 2015) (quoting United States v. Borneo, Inc., 971 F.2d
244, 248 (9th Cir. 1992)). This Court therefore grants the
County Defendants' request and takes judicial notice of the
docket in State v. Yellen, but this Court does not take judicial
notice of any disputed facts within the filings of that case.

    According to the Hawai`i District Court's records,
State v. Yellen is scheduled for a new arraignment and plea on
April 9, 2024. See State v. Yellen, Remand to the District
Court, Puna Division, Third Circuit, State of Hawaii from
Circuit Court of the Third Circuit, Kona Division ("Remand
Documents"), filed 3/11/24 (dkt. no. 21) (Hawai`i District
Court).[6] Thus, the first requirement for Younger abstention is
met because State v. Yellen is ongoing.

---

[6] State v. Yellen was previously referred to the state
circuit court because Plaintiff demanded a jury trial. See State
v. Yellen, Committal to the Third Circuit Court, filed 10/24/23
(dkt. no. 14) (Hawai`i District Court). However, in the state
                                        (. . . continued)

18

The second requirement is also met because the State
of Hawai`i "has an important interest in enforcing its criminal
laws and maintaining the integrity of its criminal proceedings."
See McCoy, 2020 WL 5604031, at *3 (citing Pennzoil Co. v.
Texaco, Inc., 481 U.S. 1, 13 (1987) (explaining that enforcement
of state court judgments and orders implicates important state
interests); California v. Mesa, 813 F.2d 960, 966 (9th Cir.
1987) ("[A state's] ability to protect its citizens from
violence and other breaches of the peace through enforcement of
criminal laws is the centermost pillar of sovereignty.")).

As to the third Younger requirement, Plaintiff will
have adequate opportunities to bring a challenge to the validity
of his arrest in State v. Yellen as the case proceeds. Nothing
in the allegations of the Complaint suggests that Plaintiff
cannot further challenge the Hawai`i District Court's rulings
regarding the validity of his arrest after the resolution of
State v. Yellen, when he takes his direct appeal to the Hawai`i
appellate courts. See McCoy, 2020 WL 5604031, at *3 ("'The
"adequate opportunity" prong of Younger . . . requires only the

---

circuit court proceedings, the prosecution's motion to amend the
criminal complaint was granted, and the new charge does not
carry the right to a jury trial. See State v. Yellen, Remand
Documents at pgs. 54 of 62 to 60 of 62 (Motion to Amend
Complaint and Remand Case to District Court, filed 2/28/24 in
the state circuit court case); id. at pgs. 61 of 62 to 62 of 62
(Order Remanding Case to District Court, filed 3/8/24 in the
state circuit court case).

absence of "procedural bars" to raising a federal claim in the state proceedings.'" (alteration in McCoy) (quoting Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n, 196 F.3d 1011, 1020 (9th Cir. 1999))).

Thus, all of the requirements for Younger abstention are present in this case. Plaintiff has not alleged any facts which indicate: that the prosecution is litigating State v. Yellen in bad faith; that the state courts are handling State v. Yellen in bad faith; or that there are other extraordinary circumstances which warrant an exception to the Younger abstention doctrine. See Baffert, 332 F.3d at 617. This Court must therefore abstain from interfering with State v. Yellen at this time. Cf. McCoy, 2020 WL 5604031, at *3 ("The Court must abstain from interfering in McCoy's ongoing state criminal proceedings until they are concluded through direct appeal.").

Count IV must be dismissed without leave to amend in the instant case. However, the dismissal is without prejudice to the refiling of the claim in a new and separate action, if the claim is appropriate after the conclusion of State v. Yellen. Although the State Defendants' Motion is not brought on behalf of Ramos, in his individual capacity, see State Defendants' Motion, Mem. in Supp. at 14 n.5, the Younger abstention analysis also applies to the portion of Count IV asserted against Ramos,

in his individual capacity. Count IV is therefore dismissed in its entirety.

### III. __Standing__

This Court next turns to the issue of Plaintiff's standing to pursue Counts I, II, and V, which is raised by both the County Defendants and the State Defendants. "Because the Constitution limits [a federal court's] jurisdiction to cases and controversies, standing is an essential and unchanging requirement." In re E. Coast Foods, Inc., 80 F.4th 901, 905 (9th Cir. 2023) (citation and internal quotation marks omitted), *cert. denied sub nom.*, Clifton Cap. Grp., LLC v. Sharp, No. 23-827, 2024 WL 1143707 (U.S. Mar. 18, 2024). "[A] party must establish an Article III case or controversy before [a federal court] exert[s] subject matter jurisdiction." Id. at 905-06 (citing Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction.") (citation omitted))).

To have standing, *i.e.*, "[t]o bring suit, a plaintiff must plead an injury in fact attributable to the defendant's conduct and redressable by the court." Tyler v. Hennepin Cnty., 143 S. Ct. 1369, 1374 (2023) (citation omitted). "An 'injury in fact' is 'an invasion of a legally protected interest which is

21

(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" <u>Van v. LLR, Inc.</u>, 61 F.4th 1053, 1063 (9th Cir. 2023) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

A.   <u>Count I – Equal Protection Claim</u>

In Count I, Plaintiff alleges, in relevant part, the County, Governor Green, and Mayor Roth "are subjecting Plaintiff and all resident [sic] in the State of Hawaii, [County of Hawaii] to dangerous driving conditions and violating the Fourteenth Amendment to the United States Constitution" because of the lack of adequate street lighting in the County of Hawai`i, and they are "[s]ubjecting Plaintiff and all residents living on the [County of Hawaii in] the State of Hawaii to unequal treatment and subjecting them to life threating driving conditions." [Complaint at ¶ 14.] Liberally construing the Complaint, Plaintiff alleges that he drives and/or travels on the streets that he alleges are dangerous due to inadequate lighting. Plaintiff alleges "[i]n many areas of the [County] of Hawaii there is no lighting at all, leaving the streets very dark," but in other counties within the State of Hawai`i, "there are street lights throughout the island." [<u>Id.</u>] These are factual allegations that this Court must accept as true for purposes of the instant Motions. <u>See Iqbal</u>, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take

all of the factual allegations in the complaint as true, we are
not bound to accept as true a legal conclusion couched as a
factual allegation." (citation and internal quotation marks
omitted)). Liberally construing Plaintiff's Complaint, Count I
pleads sufficient factual allegations to allow this Court to
make a reasonable inference that Plaintiff faces an actual and
imminent injury. See id. ("A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged." (citation omitted)).

Plaintiff attempts to allege that his injury is
attributable to the State, the County, Governor Green, and Mayor
Roth because they have "an illegal contract and agreement" that
allows the University of Hawai`i to operate a telescope program
on Maunakea. See Complaint at ¶ 15. This is a legal conclusion
that this Court does not assume to be true for purposes of the
instant Motion. Even liberally construing the Complaint,
Plaintiff does not plead sufficient factual allegations to allow
this Court to make a reasonable inference that his injury is
attributable to the remaining defendants in this case. Count I
does not plead a plausible basis for Plaintiff's standing to
pursue his Section 1983 equal protection claim and must be
dismissed as to all remaining defendants. However, because it is

23

arguably possible for Plaintiff to cure the defects in this

claim by amendment, the dismissal is without prejudice.

In order to provide guidance to Plaintiff if he

chooses to amend this claim, this Court notes the following

standards applicable to a Section 1983 equal protection claim.

> An equal protection claim consists of two
> elements: (1) disparate impact, and
> (2) discriminatory intent. Rosenbaum v. City &
> Cnty. of S.F., 484 F.3d 1142, 1152–53 (9th Cir.
> 2007). To prove disparate impact, "the claimant
> must show that similarly situated individuals"
> were not subject to the same effect. Id. at 1153
> (quoting United States v. Armstrong, 517 U.S.
> 456, 465 (1996)). To prove discriminatory intent,
> a plaintiff must show that "a discriminatory
> purpose has been a motivating factor" for the
> disparate impact — a determination that "demands
> a sensitive inquiry into such circumstantial and
> direct evidence of intent as may be available."
> Vill. of Arlington Heights v. Metro. Hous. Dev.
> Corp., 429 U.S. 252, 265–66 (1977); Rosenbaum,
> 484 F.3d at 1153 (holding a particular course of
> action was taken "at least in part because of,
> not merely in spite of, its adverse effects upon
> an identifiable group") (quoting Wayte v. United
> States, 470 U.S. 598, 608 (1985)) (internal
> quotation marks omitted); Washington v. Davis,
> 426 U.S. 229, 242 (1976) ("Necessarily, an
> invidious discriminatory purpose may often be
> inferred from the totality of the relevant facts,
> including the fact, if it is true, that the
> [official conduct] bears more heavily on one
> [category of people] than another.").

Scarlet Honolulu, Inc. v. Honolulu Liquor Comm'n, Case No. 21-

cv-00457-DKW-KJM, 2023 WL 4968011, at *7 (D. Hawai`i Aug. 3,

2023) (alterations in Scarlet Honolulu). Even if Plaintiff had

sufficiently pled standing, this Court would still have

dismissed Count I because Plaintiff failed to plead sufficient factual allegations in the Complaint regarding discriminatory intent.

**B.    Count II – Constitutional Challenge to Vehicle Safety Inspection Law**

Plaintiff alleges Count II against all Defendants and alleges they are enforcing the vehicle safety inspection law, which is unconstitutionally vague and subjects Plaintiff to "indiscriminate treatment." [Complaint at ¶ 29.] Hawai`i Revised Statute Section 286-209(a) states: "Motor carrier vehicles . . . shall be inspected and certified annually."[7] Liberally construing the Complaint, it can be reasonably inferred that Plaintiff operates a motor vehicle in the County of Hawai`i and therefore he is subject to the safety inspection law. However, even liberally construing the Complaint, Plaintiff does not allege how he has been injured by the alleged deficiencies in the safety inspection law. For example, he does not allege that he is being denied a safety inspection certificate because he is unable to determine what is necessary to bring his vehicle into compliance with the safety inspection law. Plaintiff therefore fails to allege an actionable injury and has failed to

---

[7] "'Motor carrier vehicle' means any motor vehicle or vehicle, including integrally mounted equipment and specially constructed motorized equipment, used by a motor carrier to transport passengers or property on the public highways." Haw. Rev. Stat. § 286-201.

adequately allege standing to pursue his constitutional challenge to the vehicle safety inspection law. Count II fails to state a plausible claim for relief and must be dismissed as to all remaining defendants.

For the reasons set forth below, this Court concludes that allowing Plaintiff to amend his claim in Count II would be futile. Cf. McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (holding that "[t]he district court did not err in denying [the pro se plaintiffs] leave to amend because amendment would have been futile"). Plaintiff alleges that Hawai`i Revised Statutes Section 286-209 is unconstitutionally vague because it "does not specify what construed an unsafe vehicle, nor does it state what is to be inspected on a vehicle." [Complaint at ¶ 16.] Section 286-209 and the other sections within Hawai`i Revised Statutes Chapter 286, Part XI do not specify the standards to be applied during a vehicle safety inspection. However, Section 286-209(b) states: "The director shall adopt rules pursuant to chapter 91 for motor carrier vehicle safety inspections, the issuance of certificates of safety inspection, the affixing of motor carrier vehicle safety inspection decals, and the acceptance of certificates of safety inspection issued in other jurisdictions." "The director" refers to the State "director of transportation." Haw. Rev. Stat. § 286-201.

26

The State of Hawai`i Department of Transportation has
adopted rules governing the Periodic Safety Inspection of Motor
Carrier Vehicles. <u>See</u> Haw. Admin. R. Chapter 19-142. Chapter 19-
142 includes: a list of the specific vehicle parts to be
inspected; Haw. Admin. R. § 19-142-26; the scope of the
inspection of each part; Haw. Admin. R. § 19-142-27; and the
standards to be used in the inspection, Haw. Admin. R. § 19-142-
28. In light of the specific regulations applicable to vehicle
safety inspections, Plaintiff's allegation that Section 286-209
is unconstitutionally vague fails as a matter of law, and
Plaintiff cannot cure the defects in this claim by amendment.
Therefore the dismissal of Count II is with prejudice.

C.   **Count V – Due Process Claim**

In Count V, Plaintiff alleges "Defendants, their
predecessor and each of them are aware that the acts, actions,
and inactions of subjecting Plaintiff . . . to a deliberate
denial of Plaintiff's constitutional right to put on a defense
when being charged with a traffic citation." [Complaint at
¶ 38.] Even liberally construing the Complaint, it does not
allege that Plaintiff has been issued a traffic citation. The
only criminal proceeding addressed in the Complaint is <u>State v.
Yellen</u>, which does not involve a traffic citation. Plaintiff has
failed to plead an injury in fact as to Count V, and therefore

27

Count V must be dismissed for lack of standing. The dismissal applies to Plaintiff's claim against all remaining defendants.

       For the reasons set forth below, this Court concludes that allowing Plaintiff to amend his claim in Count V would be futile. Rule 11(a) of the Hawai`i Civil Traffic Rules allows a defendant faced with a traffic citation to request a hearing "either to deny commission of the infraction(s) or admit commission of the infraction(s) but explain mitigating circumstances." Rule 19(a) of the Hawai`i Civil Traffic Rules allows a defendant to request a trial after a contested hearing, and Rule 19(c) states, in relevant part: "Trial shall be held pursuant to HRS § 291D-13, the Hawai`i Rules of Penal Procedure, Rules of the District Court, and Hawai`i Rules of Evidence." Discovery is permitted under the Hawai`i Rules of Penal Procedure, see Haw. R. Penal. P. 16, and Hawai`i Rule of Penal Procedure 16.1 expressly addresses discovery in criminal traffic cases. In light of the rules allowing a defendant faced with a traffic citation to request a contested hearing trial, which would also allow the conduct of discovery before trial, Plaintiff's Section 1983 due process claim in Count V fails as a matter of law, and Plaintiff cannot cure the defects in this claim by amendment. Therefore the dismissal of Count V is with prejudice.

IV.  **Failure to State a Claim**

Count III alleges violations of Plaintiff's right to be free from cruel and unusual punishment during his detention following his September 16, 2023 arrest until his release on September 18, 2023. See Complaint at ¶¶ 18-19. Because Plaintiff was a pretrial detainee during that period, his claims "are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment." See Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021) (citation omitted). The Ninth Circuit has stated:

> Precedent teaches that "the Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits **all** punishment of **pretrial detainees**.'" Vazquez [v. County of Kern], 949 F.3d [1153,] 1163-64 [(9th Cir. 2020)] (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)). By this standard, "[f]or a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029. This requires showing at least reckless disregard for inmates' health or safety. See Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).

Id. (emphases in Norbert). Plaintiff's Complaint fails to plead sufficient factual allegations to allow this Court to make reasonable inferences both that each condition Plaintiff complains of caused him to suffer a harm or disability and that the government's purpose in creating each conduction was to

punish Plaintiff. Count III therefore fails to state a plausible claim for violation of Plaintiff's right to be free from cruel and unusual punishment and must be dismissed as to all remaining defendants. However, because it is arguably possible for Plaintiff to cure the defects in Count III by amendment, the dismissal is without prejudice.

**V.     Summary and Leave to Amend**

        The Motions have been granted insofar as all of the claims in Plaintiff's Complaint have been dismissed in their entirety.[8] In addition, the Motions are granted as follows:

-the State Defendants' Motion is granted insofar as Plaintiff's claims against the State and the Hawai`i District Court are dismissed with prejudice;

-the State Defendants' Motion is granted insofar as Plaintiff's claims seeking damages against Governor Green, in his official capacity; AG Lopez, in her official capacity; and Ramos, in his official capacity, are dismissed with prejudice;

-the Motions are granted insofar as Counts II and V are dismissed with prejudice; and

-the County Defendants' Motion is granted insofar as Count IV is dismissed without leave to amend in the instant case.

The Motions are denied as follows:

-the Motions are denied insofar as the dismissal of Counts I and III is without prejudice as to the defendants who have not been dismissed with prejudice;

---

        [8] To the extent that there is any argument in either the County Defendants' Motion or the State Defendants that is not addressed in the instant Order, this Court concludes that it is not necessary to address that argument in light of the rulings in the instant Order.

-the County Defendants' Motion is denied insofar as the
    dismissal of Count IV is without prejudice to the filing of
    a comparable claim in a new and separate action if
    appropriate after the conclusion of <u>State v. Yellen</u>;

-the State Defendants' Motion is denied insofar as, in the
    amended complaint, Plaintiff may assert claims for
    prospective relief against Governor Green, in his official
    capacity; AG Lopez, in her official capacity; and Ramos, in
    his official capacity; and

-the State Defendants' Motion is denied insofar as, in the
    amended complaint, Plaintiff may assert claims for either
    retrospective relief or prospective relief against Governor
    Green, in his individual capacity; AG Lopez, in her
    individual capacity; and Ramos, in his individual capacity.

If Plaintiff chooses to file an amended complaint, he
must do so by **April 23, 2024.** Plaintiff is CAUTIONED that the
amended complaint may only allege the claims that he asserted in
Counts I and III of the Complaint. In other words, Plaintiff
does not have leave to add any new claims or new theories of
liability. If it is necessary to cure the defects identified in
this Order, Plaintiff is granted leave to add new defendants to
those claims, provided that the defendant is either a State
official or a County official.

If Plaintiff does not file an amended complaint by
**April 23, 2024,** the claims that were dismissed without prejudice
in the instant Order will be dismissed with prejudice. In that
instance, Plaintiff would have no remaining claims in this case,
and the case would be closed.

After filing his amended complaint pursuant to the instant Order, if Plaintiff wishes to make any other amendments, he must file a motion for leave to file a **second** amended complaint ("Motion for Leave"). The Motion for Leave will be considered by the magistrate judge in the normal course.

Plaintiff is cautioned that his amended complaint must include all of the allegations that he intends to rely upon. He cannot include any portion of the original Complaint by referring the original Complaint in the amended complaint.

<u>**CONCLUSION**</u>

For the foregoing reasons, the County Defendants' October 16, 2023 Motion to Dismiss *Plaintiff's Civil Rights Complaint with Jury Demand* Filed September 21, 2023, ECF 1 and the State Defendants' November 22, 2023 Motion to Dismiss Plaintiff's Civil Rights Complaint with Jury Demand Filed September 21, 2023 are HEREBY GRANTED IN PART AND DENIED IN PART, as specifically set forth above. Plaintiff shall file his first amended complaint by **April 23, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 2, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MIKE YELLEN VS. STATE OF HAWAII, ET AL; CV 23-00390 LEK-WRP;
ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY
DEFENDANTS' AND THE STATE DEFENDANTS' MOTIONS TO DISMISS