```
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF HAWAII
```

| | |
|---|---|
| MIKE YELLEN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, GOVERNOR JOSH GREEN, MITCH ROTH,  COUNTY OF HAWAII, (BIG ISLAND), SERGEANT ROMAS,  HAWAII POLICE DEPARTMENT,  HAWAII DISTRICT COURT,  JANE/JOHN DOES 1-20, ANNE E. LOPEZ, ATTORNEY GENERAL, STATE OF HAWAII,<br><br>　　　　　Defendants. | CIV. NO. 23-00390 LEK-WRP |

**ORDER GRANTING THE COUNTY DEFENDANTS'
AND THE STATE DEFENDANTS' MOTION TO DISMISS**

On May 6, 2024, Defendants Mitch Roth, Mayor of the County of Hawai`i ("Mayor Roth"), County of Hawai`i ("the County"), and the Hawai`i Police Department ("HPD" and collectively "County Defendants") filed their Motion to Dismiss *Plaintiff's First Amended Civil Rights Complaint with Jury Demand*, Filed April 22, 2024, ECF 46 ("County Defendants' Motion"). [Dkt. no. 48.] Also on May 6, 2024, Defendants Governor Josh Green ("Governor Green") and Sergeant Maui Ramos ("Ramos"), in both their official and individual capacities (collectively "State Defendants"), filed their Motion to Dismiss Plaintiff's First Amended Civil Rights Complaint with Jury

Demand, Filed April 22, 2024, (ECF 46) ("State Defendants' Motion"). [Dkt. no. 49.]

Pro se Plaintiff Mike Yellen ("Plaintiff") filed his memorandum in opposition to the County Defendants' Motion and the State Defendants' Motion on May 23, 2024 ("Plaintiff's Opposition"). [Dkt. no. 53.] The State Defendants and the County Defendants filed their respective replies on June 4, 2024. [Dkt. nos. 54, 55.] Plaintiff filed his Supplemental Motion in Opposition to Defendant's Opposition to Plaintiff's First Amended Civil Rights Complaint and Defendant's Motion to Dismiss on June 20, 2024. [Dkt. no. 56.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The County Defendants' Motion and the State Defendants' Motion (collectively "Motions") are hereby granted and Plaintiff's claims are dismissed with prejudice.

## BACKGROUND

Plaintiff filed his action on September 21, 2023. See Plaintiff's Civil Rights Complaint with Jury Demand ("Complaint"), filed 9/21/23 (dkt. no. 1). Subsequently, the Complaint was dismissed without prejudice, with the exception of certain claims that were dismissed with prejudice. See Order Granting in Part and Denying in Part the County Defendants' and

2

the State Defendants' Motions to Dismiss, filed 4/2/24 (dkt. no. 44) ("4/2 Order").[1] Dismissed with prejudice were:

-all claims against the State of Hawai`i ("the State") and the Hawai`i District Court;

-Plaintiff's claims seeking damages against Governor Green, in his official capacity; Defendant Anne E. Lopez, Attorney General, in her official capacity; and Ramos, in his official capacity;

-Plaintiff's constitutional challenge to Hawai`i Revised Statutes Section 286-209;

-Plaintiff's claim alleging due process violations in the proceedings regarding a traffic citation; and

-Plaintiff's false arrest claim.[2]

[Id. at 30-31.]

Plaintiff was permitted to amend and filed his First Amended Civil Rights Complaint With Jury Demand ("Amended Complaint") on April 22, 2024. [Dkt. no. 46.] Plaintiff's core factual allegations, which are the basis for his claims, remain the same as those in the original Complaint.

The Amended Complaint alleges the County, Governor Green, and Mayor Roth "are subjecting Plaintiff and all resident [sic] in the State of Hawaii, Big Island to dangerous driving conditions and violating the Fourteenth Amendment to the United

---

[1] The 4/2 Order is also available at 2024 WL 1414224.

[2] Plaintiff's false arrest claim was dismissed without leave to amend but without prejudice as to the filing of a new and separate action if appropriate after the conclusion of State v. Yellen. See 4/2 Order at 30-31.

3

States Constitution" ("Count I"). [Amended Complaint at ¶ 11.] Plaintiff alleges that there are less streetlights in place in the County of Hawai`i than there are in other counties within the State of Hawai`i, which creates "very dangerous living and driving condictiones [sic], not unlimited to death, wherein death has already happen [sic] based on such dangerous driving conditions." [Id. at ¶¶ 11-12.]

The Amended Complaint also alleges that Plaintiff was subjected to cruel and unusual punishment while being detained in one of HPD's holding cells in violation of the Eighth Amendment of the United States Constitution ("Count II"). [Id. at ¶¶ 14.1-5.] Plaintiff alleges HPD and Mayor Roth knowingly subjected him to cruel and unusual punishment because they were aware of the unconstitutional conditions and refused to correct them. [Id. at ¶ 15.]

In the instant litigation, Plaintiff seeks prospective injunctive relief as to both counts in the Amended Complaint; an award of compensatory and punitive damages against Ramos, HPD, Mayor Roth, Governor Green, and the County; other damages and equitable relief against unspecified defendants; the appointment of counsel; an award of attorneys' fees; and any other appropriate relief. [Id. at PageID.348-50.]

The County Defendants seek dismissal of the claims against them pursuant to Rule 12(b)(1) and (6) of the Federal

Rules of Civil Procedure. [County Defendants' Motion at 2.] They argue that Plaintiff fails to plead a plausible basis for standing to pursue his claims against them arising from the alleged lack of street lighting, and fails to state a plausible claim for violation of his right to be free from cruel and unusual punishment. [County Defendants' Motion, Mem. in Supp. at 4-6.] The County Defendants also argue that the claims should be dismissed with prejudice because further amendment would be futile. [Id. at 7.]

The State Defendants seek dismissal of the claims against them pursuant to Rules 7, 8, and 12(b)(1) and (6) of the Federal Rules of Civil Procedure. [State Defendants' Motion at 2.] They argue: 1) Plaintiff lacks standing to proceed with all claims against Governor Green and Ramos; 2) Plaintiff fails to state an equal protection claim; 3) even if Plaintiff has a plausible equal protection claim, Governor Green is an improper defendant; 4) Plaintiff fails to state a claim of false arrest and cruel and unusual punishment; 5) Governor Green and Ramos are entitled to qualified immunity; and 6) Plaintiff should not be granted leave to amend because doing so would be futile. [State Defendant's Motion, Mem. in Supp. at 5-18.]

5

**DISCUSSION**

I. **Preliminary Issues**

  A. **Plaintiff's Opposition to the State Defendants' Motion**

Plaintiff's Opposition was filed on May 23, 2024, two days after the deadline to file his response to the State Defendants' Motion. See Minute Order – EO: Order Setting Non-Hearing Briefing Schedule, filed 5/7/24 (dkt. no. 51) ("5/7 EO"). This Court does not condone Plaintiff's failure to comply with the deadline set forth in the 5/7 EO, and this Court could strike Plaintiff's opposition as untimely. See Local Rule LR7.2 ("Any opposition or reply that is untimely filed may be disregarded by the court or stricken from the record."). However, in light of the fact that Plaintiff is proceeding pro se, and because Plaintiff's late filing did not prevent the defendants from filing their respective replies in a timely manner, this Court will consider Plaintiff's late Opposition to the State Defendants' Motion. Plaintiff is CAUTIONED that any future failure to comply with a court-imposed deadline may result in sanctions, including, but not limited to, the striking of the untimely filing.

  B. **Construction of Plaintiff's Claims**

Among other statutes, Plaintiff invokes jurisdiction pursuant to Title 28 United States Code Section 1331 and Title 42 United States Code Section 1983. See Amended Complaint

at ¶ 1. Although Counts I and II do not refer to Section 1983, both counts allege constitutional violations. See id. at ¶¶ 16-21. These claims therefore are liberally construed as bringing claims pursuant to Section 1983 to assert violations of rights under the United States Constitution. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).[3]

The Amended Complaint refers to Plaintiff's alleged false arrest by Ramos. [Amended Complaint at ¶ 13.] This Court previously dismissed Plaintiff's false arrest claim without leave to amend in the instant case. [4/2 Order at 30.] Thus, paragraph 13 is construed as background for Plaintiff's cruel and unusual punishment claim, and the Amended Complaint is not construed as alleging a false arrest claim. Therefore, it is unnecessary for this Court to address the State Defendants' arguments regarding the purported false arrest claim.

## II.  Count I - Equal Protection

### A.  Standing

Both the State Defendants and the County Defendants argue this Court should dismiss Plaintiff's equal protection claim because Plaintiff lacks Article III standing. [State

---

[3] As with the original Complaint, the Amended Complaint cites provisions of the Hawai`i State Constitution. See, e.g., Amended Complaint at ¶ 11. For the reason stated in the 4/2 Order, but this Court does not construe the Amended Complaint as asserting claims based on the Hawai`i State Constitution. See 4/2 Order at 10.

Defendant's Motion, Mem. in Supp. at 5; County Defendants' Motion, Mem. in Supp. at 4-5.] The requirements to establish Article III standing are set forth in the 4/2 Order and will not be repeated here. See 4/2 Order at 21-22.

Plaintiff alleges his injury is attributable to the County, Governor Green, and Mayor Roth because they "deliberately subject[] Plaintiff and all residence [sic]" to dangerous living and driving conditions by failing to provide adequate street lighting in violation of the Fourteenth Amendment. See Amended Complaint at ¶ 12. However, Plaintiff fails to plead sufficient factual allegations to allow this Court to make a reasonable inference that Plaintiff's injury is attributable to the named defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)). This defect in the original Complaint was identified in the 4/2 Order, but Plaintiff has failed to cure this defect in his Amended Complaint. See 4/2 Order at 23-24 (dismissing Plaintiff's claim without prejudice because it was arguably

possible for Plaintiff to cure the defects in his claim by amendment).

Plaintiff also seeks prospective injunctive relief as to Count I. [Amended Complaint at PageID.348-49.] "[T]o establish standing to pursue injunctive relief, . . . [the plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citation and internal quotation marks omitted). "[S]peculation or subjective apprehension about future harm [does not] support standing." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010) (citations and internal quotation marks omitted). Plaintiff alleges: that, as a pedestrian, he "has almost been struck by cars several times" due to the lack of sidewalks and the lack of adequate lighting; and that, as a driver, the lack of lighting caused him to have "near head on collisions" while other drivers were attempting to avoid potholes and while other drivers attempted to pass on narrow roads. [Amended Complaint at ¶ 11.]

Although these allegations are taken as true for the purposes of the instant Motion, see Iqbal, 556 U.S. at 678 ("for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true" (citation omitted)), they consist of mere speculation regarding possible future harm and thus cannot support standing. Plaintiff fails to

9

allege a real and immediate threat of repeated injury in the future. See Chapman, 631 F.3d at 946. Therefore, Count I must be dismissed for lack of Article III standing. Further, Plaintiff had notice of the defect in his equal protection claim, and the 4/2 Order provided guidance regarding the defect, but Plaintiff failed to cure the defect in the Amended Complaint. The dismissal of Count I is therefore with prejudice because Plaintiff is not likely able to cure the defect in Count I if allowed another opportunity to amend. See Bylsma v. Haw. Pub. Hous. Auth., 951 F. Supp. 2d 1116, 1122 (D. Hawai`i 2013) ("Although leave to amend a complaint should be freely given to *pro se* litigants before dismissal of an action, granting leave is not necessary where amendment would be futile." (some citations omitted) (citing Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995))). The County Defendants' Motion and the State Defendants' Motion are granted insofar as Count I is dismissed with prejudice.

    B.    **Failure to State a Claim**

The State Defendants argue that, even if Plaintiff has adequately pled standing, this Court should dismiss Plaintiff's equal protection claim pursuant to Rule 12(b)(6). [State Defendants' Motion, Mem. in Supp. at 6-8.] As noted in the 4/2 Order, the following standards apply to a Section 1983 equal protection claim.

10

> An equal protection claim consists of two elements: (1) disparate impact, and (2) discriminatory intent. Rosenbaum v. City & Cnty. of S.F., 484 F.3d 1142, 1152-53 (9th Cir. 2007). To prove disparate impact, "the claimant must show that similarly situated individuals" were not subject to the same effect. Id. at 1153 (quoting United States v. Armstrong, 517 U.S. 456, 465 (1996)). To prove discriminatory intent, a plaintiff must show that "a discriminatory purpose has been a motivating factor" for the disparate impact — a determination that "demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265-66 (1977); Rosenbaum, 484 F.3d at 1153 (holding a particular course of action was taken "at least in part because of, not merely in spite of, its adverse effects upon an identifiable group") (quoting Wayte v. United States, 470 U.S. 598, 608 (1985)) (internal quotation marks omitted); Washington v. Davis, 426 U.S. 229, 242 (1976) ("Necessarily, an invidious discriminatory purpose may often be inferred from the totality of the relevant facts, including the fact, if it is true, that the [official conduct] bears more heavily on one [category of people] than another.").

[4/2 Order at 24 (some citations omitted).]

Plaintiff's theory appears to be that motorists in the County of Hawai`i are subjected to inadequate lighting conditions whereas motorists on the islands of O`ahu, Maui, and Kaua`i in the State of Hawai`i are not. See Amended Complaint at ¶ 11. Count I of the original Complaint was based upon the same theory. See Complaint at ¶ 14. In the 4/2 Order, this Court noted that, even if Plaintiff had adequately alleged standing to bring the equal protection claim in the original Complaint, this

11

Court still would have dismissed the claim because he failed to plead sufficient factual allegations regarding discriminatory intent. See 4/2 Order at 24-25. Plaintiff failed to cure this defect in the Amended Complaint, and Count I fails to allege a plausible equal protection claim. Thus, even if Plaintiff adequately alleges Article III standing, this Court would still dismiss Count I with prejudice for failure to state a claim.[4]

### III. Count II - Cruel and Unusual Punishment

Although Plaintiff asserts his claim under the Eighth Amendment, since Plaintiff was a pretrial detainee at time of the relevant events, his claim is analyzed under the Fourteenth Amendment. See 4/2 Order at 29. This Court has previously noted the following standard applies:

> Precedent teaches that "the Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits **all** punishment of **pretrial detainees**.'" Vazquez [v. County of Kern], 949 F.3d [1153,] 1163-64 [(9th Cir. 2020)] (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004)). By this standard, "[f]or a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery, 378 F.3d at 1029. This requires showing at least reckless disregard for inmates' health or safety. Id.

---

[4] Based on these findings, this Court finds it unnecessary to address the State Defendants' arguments that Governor Green is an inappropriate defendant and that he is entitled to qualified immunity. See State Defendants' Motion, Mem. in Supp. at 9-12, 15-17.

12

>     (citing Castro v. Cnty. of Los Angeles, 833 F.3d
>     1060, 1071 (9th Cir. 2016)).

[Id. (alterations and emphases in original) (some citations omitted).]

The County Defendants and the State Defendants both argue that Plaintiff fails to plead sufficient facts regarding the alleged conditions allowing this Court to reasonably infer that Plaintiff suffered a harm or disability, or that the defendants' purpose in creating the conditions were to punish Plaintiff. [County Defendants' Motion, Mem. in Supp. at 6; State Defendants' Motion, Mem. in Supp. at 13-15.] The Court agrees.

Plaintiff alleges he was subjected to various conditions while detained in an HPD holding cell that caused him harm. [Amended Complaint at ¶¶ 14.1-5.] Plaintiff alleges "Defendant [HPD] and Roth are aware of such conditions to refuse [sic] to correct such unconstitutional conditions, knowingly subjecting Plaintiff to cruel and unusual punishment." [Id. at ¶ 15.] However, the Amended Complaint provides no factual allegations that would a reasonable inference that HPD, Ramos, or Mayor Roth created these conditions for the purpose of punishing Plaintiff. See Demery, 378 F.3d at 1029. Therefore, Count II must be dismissed because Plaintiff fails to state a plausible cruel and unusual punishment claim. Further, because Plaintiff had notice of the defects in this claim and failed to

13

cure them in the Amended Complaint, allowing further opportunity to amend would be futile. The County Defendants' Motion and the State Defendants' Motion are granted insofar as Count II is dismissed with prejudice.[5]

## CONCLUSION

On the basis of the foregoing, the County Defendants' Motion to Dismiss *Plaintiff's First Amended Civil Rights Complaint with Jury Demand*, Filed April 22, 2024, ECF 46, and the State Defendants' Motion to Dismiss Plaintiff's First Amended Civil Rights Complaint with Jury Demand, Filed April 22, 2024 (ECF 46), both of which were filed on May 6, 2024, are HEREBY GRANTED. Plaintiff's First Amended Civil Rights Complaint with Jury Demand, filed April 22, 2024, is DISMISSED WITH PREJUDICE.

There are no remaining claims in Plaintiff's Amended Complaint. This Court notes that Plaintiff filed a Motion to File Third Amended Civil Rights Complaint with Jury Demand ("Motion to Amend") on July 8, 2024.[6] [Dkt. no. 60.] The Motion

---

[5] In light of the dismissal of Count II with prejudice, it is unnecessary for this Court to address the State Defendants' argument that Ramos is entitled to qualified immunity. See State Defendants' Motion, Mem. in Supp. at 15-17.

[6] On June 20, 2024, Plaintiff filed a Motion to File Second Amended Civil Rights Complaint with Jury Demand, and the magistrate judge denied that motion in an entering order filed on June 27, 2024. [Dkt. nos. 57, 59.]

to Amend is pending before the magistrate judge. To the extent that the Motion to Amend proposes to amend claims that are dismissed with prejudice in this Order, the Motion to Amend must be denied. This Court makes no findings or conclusions regarding the new claims proposed in the Motion to Amend.

　　　　IT IS SO ORDERED.

　　　　DATED AT HONOLULU, HAWAII, July 31, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MIKE YELLEN VS. STATE OF HAWAII ET AL.; CV 23-00390 LEK-WRP; ORDER GRANTING THE COUNTY DEFENDANTS' AND THE STATE DEFENDANTS' MOTION TO DISMISS**